FILED

AUG – 4 2020

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA    )
                    )
        v.             )
                    )
MICHAEL OPEYEMI ADESINA SR.,  )
OSEREIMEN AKHIGBE,  )
CASEY BROOKE GREEN,  )
EFOSA IMASUEN,  )
NOSAKHARE IMASUEN,  )
OSAZEE NATHANIEL OBOH,  )
MARTINS NNAEMEKA OKOLONGWU, )
ILESO OVBIAGELE, and  )
CHIMEZIE R. UCHENNA  )

No. 2:20-CR-62

JUDGE Jordan

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Conspiracy to Commit Bank Fraud, Money Laundering, and Aggravated Identity Theft, 18 U.S.C. § 371)

**A. General Background**

1. Fifth Third Bank, N.A. ("Fifth Third") is a "financial institution" as that term is defined in 18 U.S.C. § 20; that is, Fifth Third is a federally chartered bank with accounts insured by the Federal Deposit Insurance Corporation.

2. Branch Banking and Trust Company ("BB&T) is a "financial institution" as that term is defined in 18 U.S.C. § 20; that is, BB&T is a state chartered bank with accounts insured by the Federal Deposit Insurance Corporation.

3. The term "payment processor" means a company appointed by a business or merchant to process financial transactions, including debit card and credit card transactions, from various channels for banks and financial institutions.

4. A "merchant identification number" is a unique number or code given to a business or merchant by a payment processor before the business or merchant begins processing payments by debit and credit card.

5. When a business or merchant uses a payment processor to process transactions, the business or merchant receives an electronic credit from the payment processor for processed credit card or debit card sales. The electronic credit is made to a checking account at a financial institution that the business or merchant provided to the payment processor when applying to do business with the payment processor. The electronic credit normally takes place within a day of any particular transaction.

6. An "access device" is a device such as a card, plate, code, account number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds.

7. A "counterfeit access device" is an access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device.

8. An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

9. Fifth Third and BB&T customers and account holders receive access devices when they open accounts in the form of account numbers and plastic cards containing card numbers and magnetic strips and chips with account information. Among other data, the magnetic

2

strips and chips are encoded with the customers' names, unique account numbers, and other identifying data. These cards permit customers to engage in financial transactions using their accounts, including obtaining United States currency from automatic teller machines and obtaining goods, services and United States currency through point of sale electronic terminals.

10. Fifth Third and BB&T's customers' names, unique account numbers, and unique card numbers are "means of identification" as that term is defined in 18 U.S.C. § 1028(d)(7).

**B. Charge**

Between a presently unknown date, but not later than in or about February 2017 and on or about January 24, 2020, within the Eastern District of Tennessee and elsewhere, the defendants, MICHAEL OPEYEMI ADESINA SR., OSEREIMEN AKHIGBE, CASEY BROOKE GREEN, EFOSA IMASUEN, NOSAKHARE IMASUEN, OSAZEE NATHANIEL OBOH, MARTINS NNAEMEKA OKOLONGWU, ILESO OVBIAGELE, CHIMEZIE R. UCHENNA, and other persons known and unknown to the Grand Jury did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other to commit certain offenses against the United States; that is, bank fraud in violation of 18 U.S.C. § 1344, money laundering in violation of 18 U.S.C. § 1956(a), and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

**C. Manner and Means**

It was part of the conspiracy that MICHAEL OPEYEMI ADESINA SR., OSEREIMEN AKHIGBE, CASEY BROOKE GREEN, EFOSA IMASUEN, NOSAKHARE IMASUEN, OSAZEE NATHANIEL OBOH, MARTINS NNAEMEKA OKOLONGWU, ILESO OVBIAGELE, CHIMEZIE R. UCHENNA, and other persons known and unknown to the Grand

3

Jury formulated a plan and agreement which, among other things, included the following:

1. One or more members of the conspiracy would obtain identifying information for legitimate businesses and use that information to open accounts with one or more payment processors ("the fraudulent business accounts"), thereby obtaining unique merchant identification numbers for the fraudulent business accounts.

2. One or more members of the conspiracy would use the means of identification of actual and unsuspecting persons to open banking accounts with financial institutions ("the fraudulent individual accounts"), to include accounts with Fifth Third and BB&T.

3. One or more members of the conspiracy would use the fraudulent individual accounts to engage in fraudulent credit card transactions with the fraudulent business accounts, thereby generating proceeds in bank accounts linked to the fraudulent business accounts.

4. One or more members of the conspiracy would transfer proceeds from the fraudulent business accounts to fraudulent individual accounts.

5. When establishing fraudulent individual accounts, one or more members of the conspiracy would provide fraudulent addresses as the purported address of the account holder, to include addresses in the Eastern District of Tennessee.

6. One or more members of the conspiracy would cause counterfeit and unauthorized access devices associated with the fraudulent individual accounts to be mailed to fraudulent addresses, including addresses within the Eastern District of Tennessee.

7. One or more members of the conspiracy would obtain the counterfeit and unauthorized access devices from the fraudulent addresses, including the fraudulent addresses within the Eastern District of Tennessee.

4

8. One or more members of the conspiracy would communicate to other members of the conspiracy information about the counterfeit and unauthorized access devices, including the unique personal identification numbers ("PIN") that corresponded to the counterfeit and unauthorized access devices.

9. One or more members of the conspiracy would use the counterfeit and unauthorized access devices to obtain United States currency by engaging in fraudulent financial transactions at locations such as point of sale terminals in stores and automated teller machines ("ATMs") throughout Tennessee and Virginia, to include stores and ATMs located in the Eastern District of Tennessee.

10. One or more members of the conspiracy would transport the United States currency they obtained from the fraudulent financial transactions to other members of the conspiracy, including transporting United States currency from locations within the Eastern District of Tennessee to locations outside of the Eastern District of Tennessee.

11. One or more members of the conspiracy would divide and share the United States currency obtained from the fraudulent financial transactions.

12. One or more members of the conspiracy would take actions and make statements to hide and conceal the existence and true nature of the conspiracy.

13. One or more members of the conspiracy would engage in fraudulent transactions exceeding $1.3 million using fraudulent accounts at Fifth Third Bank.

14. One or more members of the conspiracy would engage in fraudulent transactions exceeding $2.4 million using fraudulent accounts at BB&T.

**D. Overt Acts**

In furtherance of the conspiracy and to effect its unlawful objects, MICHAEL OPEYEMI

5

ADESINA SR., OSEREIMEN AKHIGBE, CASEY BROOKE GREEN, EFOSA IMASUEN, NOSAKHARE IMASUEN, OSAZEE NATHANIEL OBOH, MARTINS NNAEMEKA OKOLONGWU, ILESO OVBIAGELE, CHIMEZIE R. UCHENNA, and other persons known and unknown to the Grand Jury committed one or more of the following overt acts, among others, in the Eastern District of Tennessee and elsewhere:

1. On or about October 23, 2019, at a Walmart store located at 768 South Jefferson Street, in Cookeville, Tennessee, MICHAEL OPEYEMI ADESINA SR. used a counterfeit and unauthorized BB&T access device with a unique account number ending in 8330 and assigned to an individual whose initials are D.P. to engage in fraudulent financial transactions of $1,000 and $980 in United States currency, said funds being the proceeds of bank fraud. The use of D.P.'s means of identification was without D.P.'s knowledge, authorization, and consent.

2. On or about January 31, 2019, at a Kroger store located at 1664 East Stone Drive, in Kingsport, Tennessee, OSEREIMEN AKHIGBE used a counterfeit and unauthorized Fifth Third access device with a unique account number ending in 7437 and assigned to an individual whose initials are M.G. to engage in fraudulent financial transactions of $317.23 and $318.52 in United States currency, said funds being the proceeds of bank fraud. The use of M.G.'s means of identification was without M.G.'s knowledge, authorization, and consent.

3. On or about October 29, 2019, at a Walmart store located at 1001 Overmountain Road, in Elizabethton, Tennessee, OSEREIMEN AKHIGBE used a counterfeit and unauthorized BB&T access device with a unique account number ending in 8355 and assigned to an individual whose initials are D.P. to engage in fraudulent financial transactions of

6

$800.00 and $680.00 in United States currency, said funds being the proceeds of bank fraud. The use of D.P.'s means of identification was without D.P.'s knowledge, authorization, and consent.

4. On or about March 18, 2019, at a Walmart store located at 21531 Market Center, in Bristol, Virginia, CASEY BROOKE GREEN used a counterfeit and unauthorized Fifth Third access device with a unique account number ending in 6787 and assigned to an individual whose initials are S.Q. to engage in fraudulent financial transactions of $3.13 and $100.00 in United States currency, said funds being the proceeds of bank fraud. The use of S.Q.'s means of identification was without S.Q.'s knowledge, authorization, and consent.

5. On or about July 5, 2019, at a BB&T ATM located at 203 Broyles Drive, in Johnson City, Tennessee, CASEY BROOKE GREEN used a counterfeit and unauthorized BB&T access device with a unique account number ending in 5286 and assigned to an individual whose initials are J.K. to engage in a fraudulent financial transaction of $500.00 in United States currency, said funds being the proceeds of bank fraud. The use of J.K.'s means of identification was without J.K.'s knowledge, authorization, and consent.

6. On or about October 25, 2019, at a Walmart store located at 110 Rocky Bottom Drive, in Unicoi, Tennessee, EFOSA IMASUEN used a counterfeit and unauthorized BB&T access device with a unique account number ending in 8446 and assigned to an individual whose initials are M.B. to engage in a fraudulent financial transaction of $1,003.74 in United States currency, said funds being the proceeds of bank fraud. The use of D.P.'s means of identification was without D.P.'s knowledge, authorization, and consent.

7

7. On or about October 27, 2019, at a Walmart store located at 3111 Browns Mill Road, in Johnson City, Tennessee, EFOSA IMASUEN used a counterfeit and unauthorized BB&T access device with a unique account number ending in 6200 and assigned to an individual whose initials are A.C. to engage in fraudulent financial transactions of $1,003.74 and $1,003.74 in United States currency, said funds being the proceeds of bank fraud. The use of A.C.'s means of identification was without A.C.'s knowledge, authorization, and consent.

8. On or about January 31, 2019, at a Walmart store located at 3111 Browns Mill Road, in Johnson City, Tennessee, NOSAKHARE IMASUEN used a counterfeit and unauthorized Fifth Third access device with a unique account number ending in 9637 and assigned to an individual whose initials are M.G. to engage in a fraudulent financial transaction of $300.00 in United States currency, said funds being the proceeds of bank fraud. The use of M.G.'s means of identification was without M.G.'s knowledge, authorization, and consent.

9. On or about July 2, 2019, at a First Tennessee Bank ATM located at 2695 Boones Creek Road, in Gray, Tennessee, NOSAKHARE IMASUEN used a counterfeit and unauthorized Fifth Third access device with a unique account number ending in 4589 and assigned to an individual whose initials are A.B. to engage in fraudulent financial transactions of $400.00 and $400.00 in United States currency, said funds being the proceeds of bank fraud. The use of A.B.'s means of identification was without A.B.'s knowledge, authorization, and consent.

10. On or about March 4, 2019, in a recorded phone call with a Fifth Third bank investigator about one of the fraudulent individual accounts, OSAZEE NATHANIEL OBOH

8

impersonated an individual whose initials are A.R. During the recorded conversation, OSAZEE NATHANIEL OBOH used various means of identification of A.R., to include A.R.'s name, date of birth, and unique social security number. The use of A.R.'s means of identification was without A.R.'s knowledge, authorization, and consent.

11. On or about May 1, 2019, in a recorded phone call with a Fifth Third bank investigator about one of the fraudulent individual accounts, OSAZEE NATHANIEL OBOH impersonated an individual whose initials are P.O. During the recorded conversation, OSAZEE NATHANIEL OBOH used various means of identification of P.O., to include P.O.'s name, date of birth, and unique social security number. The use of P.O.'s means of identification was without P.O.'s knowledge, authorization, and consent.

12. On or about June 8, 2019, at a First Tennessee Bank ATM located at 1702 West Market Street, Johnson City, Tennessee, MARTINS NNAEMEKA OKOLONGWU used a counterfeit and unauthorized Fifth Third access device with a unique account number ending in 4589 and assigned to an individual whose initials are A.B. to engage in a fraudulent financial transaction of $300.00 in United States currency, said funds being the proceeds of bank fraud. The use of A.B.'s means of identification was without A.B.'s knowledge, authorization, and consent.

13. On or about June 8, 2019, at a First Tennessee Bank ATM located at 2695 Boones Creek Road, in Gray, Tennessee, MARTINS NNAEMEKA OKOLONGWU used a counterfeit and unauthorized Fifth Third access device with a unique account number ending in 4589 and assigned to an individual whose initials are A.B. to engage in a fraudulent financial transaction of $280.00 in United States currency, said funds being the proceeds of bank

9

fraud. The use of A.B.'s means of identification was without A.B.'s knowledge, authorization, and consent.

14. On or about October 24, 2019, at a Walmart store located at 220 Century Boulevard, in Bristol, Tennessee, ILESO OVBIAGELE used a counterfeit and unauthorized BB&T access device with a unique account number ending in 6184 and assigned to an individual whose initials are A.C. to engage in a fraudulent financial transaction of $29.74 in United States currency, said funds being the proceeds of bank fraud. The use of A.C.'s means of identification was without A.C.'s knowledge, authorization, and consent.

15. On or about October 24, 2019, at a Walmart store located at 1050 Regional Park Road, in Lebanon, Virginia, ILESO OVBIAGELE used a counterfeit and unauthorized BB&T access device with a unique account number ending in 6200 and assigned to an individual whose initials are A.C. to engage in fraudulent financial transactions of $1,000.00, $1,000.00, and $1,000.00 in United States currency, said funds being the proceeds of bank fraud. The use of A.C.'s means of identification was without A.C.'s knowledge, authorization, and consent.

16. On or about November 30, 2018, at a Regions Bank ATM located at 208 Sunset Drive, Johnson City, Tennessee, CHIMEZIE R. UCHENNA used a counterfeit and unauthorized Fifth Third access device with a unique account number ending in 4720 and assigned to an individual whose initials are J.G. to engage in a fraudulent financial transaction of $800.00 in United States currency, said funds being the proceeds of bank fraud. The use of J.G.'s means of identification was without J.G.'s knowledge, authorization, and consent.

10

17. On or about March 18, 2019, at a Walmart store located at 21531 Market Center in Bristol, Virginia, CHIMEZIE R. UCHENNA used a counterfeit and unauthorized Fifth Third access device with a unique account number ending in 6208 and assigned to an individual whose initials are A.H. to engage in fraudulent financial transactions of $1.11 and $100.00 in United States currency, said funds being the proceeds of bank fraud. The use of A.H.'s means of identification was without A.H.'s knowledge, authorization, and consent.

18. On or about August 3, 2019, at a BB&T ATM located at 2000 Franklin Terrace Court, in Johnson City, Tennessee, CHIMEZIE R. UCHENNA used a counterfeit and unauthorized BB&T access device with a unique account number ending in 9080 and assigned to an individual whose initials are G.W. to engage in a fraudulent financial transaction of $500.00 in United States currency, said funds being the proceeds of bank fraud. The use of G.W.'s means of identification was without G.W.'s knowledge, authorization, and consent.

[18 U.S.C. § 371: 18 U.S.C. §§ 1344, 1956(a), and 1028A(a)(1)]

## CONSPIRACY FORFEITURE ALLEGATION

The allegations in Count One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) for violation of Title 18, United States Code, Section 371.

Upon convictions of the offense in violation of Title 18, United States Code, Section 371, the defendants, MICHAEL OPEYEMI ADESINA SR., OSEREIMEN AKHIGBE, CASEY BROOKE GREEN, EFOSA IMASUEN, NOSAKHARE

11

IMASUEN, OSAZEE NATHANIEL OBOH, MARTINS NNAEMEKA

OKOLONGWU, ILESO OVBIAGELE, and CHIMEZIE R. UCHENNA, shall forfeit to

the United States of America, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c) any property, real or

personal, constituting or derived from proceeds traceable to a violation, including, but not

limited to the following:

    (a)    Approximately $342,502.64 U.S. currency seized from the defendants on March 18, 2020; and

    (b)    A money judgment against each defendant an amount representing the minimum amount of proceeds that defendant personally obtained as a result of the violation of Title 18, United States Code, Section 371.

If any of the property described above, as a result of any act or omission of the

defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States

Code, Section 2461(c).

12

## COUNT TWO
### (Conspiracy to Commit Bank Fraud, 18 U.S.C. §§ 1344 and 1349)

The Grand Jury reincorporates the allegations set forth in Count One, Sections A, C, and D, above.

Between a presently unknown date, but not later than in or about February 2017 and on or about January 24, 2020, within the Eastern District of Tennessee and elsewhere, the defendants, MICHAEL OPEYEMI ADESINA SR., CASEY BROOKE GREEN, EFOSA IMASUEN, NOSAKHARE IMASUEN, OSAZEE NATHANIEL OBOH, MARTINS NNAEMEKA OKOLONGWU, ILESO OVBIAGELE, CHIMEZIE R. UCHENNA, and other persons known and unknown to the Grand Jury did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other to commit offenses against the United States in violation of 18 U.S.C. § 1344, to wit: to defraud a financial institution; and to obtain any of the moneys, funds, credits, assets, securities, and other property owned by and under the control of a financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

[18 U.S.C. § 1349]

### BANK FRAUD CONSPIRACY FORFEITURE ALLEGATION

The allegations in Count Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2) for violation of Title 18, United States Code, Section 1349.

Upon convictions of the offense in violation of Title 18, United States Code, Section 1349, the defendants, MICHAEL OPEYEMI ADESINA SR., CASEY BROOKE GREEN, EFOSA IMASUEN, NOSAKHARE IMASUEN, OSAZEE NATHANIEL OBOH, MARTINS NNAEMEKA OKOLONGWU, ILESO OVBIAGELE, and CHIMEZIE R. UCHENNA, shall

13

forfeit to the United States of America, pursuant to Title 18, United States Code, Section

982(a)(2) any property constituting, or derived from, proceeds obtained, directly or indirectly, as

a result of such violation, including, but not limited to the following:

(a)     Approximately $342,502.64 U.S. currency seized from the defendants on March
        18, 2020; and

(b)     A money judgment against each defendant an amount representing the minimum
        amount of proceeds that defendant personally obtained as a result of the violation
        of Title 18, United States Code, Section 1349.

If any of the property described above, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without

        difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

982(b)(1).

## COUNT THREE
**(Conspiracy to Commit Money Laundering, 18 U.S.C. §§ 1956(a) and 1956(h))**

The Grand Jury reincorporates the allegations set forth in Count One, Sections A, C, and

D, above.

Between a presently unknown date, but not later than in or about February 2017 and on

or about January 24, 2020, within the Eastern District of Tennessee and elsewhere, the

defendants, MICHAEL OPEYEMI ADESINA SR., CASEY BROOKE GREEN, EFOSA

14

IMASUEN, NOSAKHARE IMASUEN, OSAZEE NATHANIEL OBOH, MARTINS NNAEMEKA OKOLONGWU, ILESO OVBIAGELE, CHIMEZIE R. UCHENNA, and other persons known and unknown to the Grand Jury did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit: to knowingly conduct and attempt to conduct any financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is bank fraud in violation of 18 U.S.C. § 1344, with the intent to promote the carrying on of specified unlawful activity, that is bank fraud in violation of 18 U.S.C. § 1344, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, bank fraud in violation of 18 U.S.C. § 1344, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

[18 U.S.C. § 1956(h)]

## COUNTS FOUR TO THIRTEEN
### (Bank Fraud, 18 U.S.C. §§ 1344 and 2)

The Grand Jury reincorporates the allegations set forth in Count One, Sections A, C, and D, above.

15

On or about the dates listed in the table below at the location in the Eastern District of Tennessee listed below, the defendant listed below did execute, cause the execution, and aid and abet another in the execution of a scheme and artifice to defraud the financial institution identified in the table below and to obtain the moneys, funds, credits, assets, securities, and other property owned by and under the control of the financial institution identified in the table below, by means of materially false and fraudulent pretenses, representations, and promises:

| CT | DEFENDANT | DATE | LOCATION | FINANCIAL INSTITUTION, PROPERTY, AND ACCESS DEVICE |
|---|---|---|---|---|
| 4 | CASEY BROOKE GREEN | July 5, 2019 | 203 Broyles Drive, in Johnson City, Tennessee | BB&T: $500.00 through use of BB&T access device ending in 5286 issued to person whose initials are J.K. |
| 5 | EFOSA IMASUEN | October 25, 2019 | 110 Rocky Bottom Drive, in Unicoi, Tennessee | BB&T: $1,003.74 through use of BB&T access device ending in 8446 issued to person whose initials are M.B. |
| 6 | EFOSA IMASUEN | October 27, 2019 | 3111 Browns Mill Road, in Johnson City, Tennessee | BB&T: $1,003.74 through use of BB&T access device ending in 6200 issued to person whose initials are A.C. |
| 7 | NOSAKHARE IMASUEN | January 31, 2019 | 3111 Browns Mill Road, in Johnson City, Tennessee | Fifth Third: $300.00 through use of Fifth Third access device ending in 9637 issued to person whose initials are M.G. |
| 8 | NOSAKHARE IMASUEN | July 2, 2019 | 2695 Boones Creek Road, in Gray, Tennessee | Fifth Third: $400.00 through use of Fifth Third access device ending in 4589 issued to person whose initials are A.B. |

16

| 9 | MARTINS NNAEMEKA OKOLONGWU | June 8, 2019 | 1702 West Market Street, in Johnson City, Tennessee | Fifth Third: $300.00 through use of Fifth Third access device ending in 4589 issued to person whose initials are A.B. |
|---|---|---|---|---|
| 10 | MARTINS NNAEMEKA OKOLONGWU | June 8, 2019 | 2695 Boones Creek Road, in Gray, Tennessee | Fifth Third: $280.00 through use of Fifth Third access device ending in 4589 issued to person whose initials are A.B. |
| 11 | ILESO OVBIAGELE | October 24, 2019 | 220 Century Boulevard, in Bristol, Tennessee | BB&T: $29.74 through use of BB&T access device ending in 6184 issued to person whose initials are A.C. |
| 12 | CHIMEZIE R. UCHENNA | November 30, 2018 | 208 Sunset Drive, in Johnson City, TN | Fifth Third: $800.00 through use of Fifth Third access device ending in 4720 issued to person whose initials are J.G. |
| 13 | CHIMEZIE R. UCHENNA | November 30, 2018 | 2000 Franklin Terrace Court, in Johnson City, TN | BB&T: $500.00 through use of BB&T access device ending in 9080 issued to person whose initials are G.W. |

[18 U.S.C. §§ 1344 and 2]

## BANK FRAUD FORFEITURE ALLEGATION

The allegations in Counts Four through Thirteen of this Indictment are hereby re-alleged

and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United

States Code, Section 982(a)(2) for violations of Title 18, United States Code, Section 1344.

Upon convictions of the offense in violation of Title 18, United States Code, Section

1344, the defendants, CASEY BROOKE GREEN, EFOSA IMASUEN, NOSAKHARE

17

IMASUEN, MARTINS NNAEMEKA OKOLONGWU, ILESO OVBIAGELE, and CHIMEZIE

R. UCHENNA, shall forfeit to the United States of America, pursuant to Title 18, United States

Code, Section 982(a)(2) any property constituting, or derived from, proceeds obtained, directly

or indirectly, as a result of such violation, including, but not limited to the following:

(a)  Approximately $342,502.64 U.S. currency seized from the defendants on March 18, 2020; and

(b)  A money judgment against each defendant an amount representing the minimum amount of proceeds that defendant personally obtained as a result of the violation of Title 18, United States Code, Section 1344.

If any of the property described above, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

982(b)(1).

### COUNTS FOURTEEN TO TWENTY-THREE
(Money Laundering, 18 U.S.C. § 1956(a))

On or about the dates set forth in the table below, at the location in the Eastern District of

Tennessee set forth in the table below, the defendant identified in the table below did knowingly

conduct and attempt to conduct a financial transaction as described in the table below affecting

interstate and foreign commerce, which involved the proceeds of a specified unlawful activity,

18

that is, bank fraud in violation of 18 U.S.C. § 1344, with the intent to promote the carrying on of specified unlawful activity, to wit: bank fraud in violation of 18 U.S.C. § 1344, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| CT | DEFENDANT | DATE | LOCATION | FINANCIAL TRANSACTION |
|----|-----------|------|----------|------------------------|
| 14 | CASEY BROOKE GREEN | July 5, 2019 | 203 Broyles Drive, in Johnson City, Tennessee | $500.00 obtained through use of BB&T access device ending in 5286 issued to person whose initials are J.K. |
| 15 | EFOSA IMASUEN | October 25, 2019 | 110 Rocky Bottom Drive, in Unicoi, Tennessee | $1,003.74 obtained through use of BB&T access device ending in 8446 issued to person whose initials are M.B. |
| 16 | EFOSA IMASUEN | October 27, 2019 | 3111 Browns Mill Road, in Johnson City, Tennessee | $1,003.74 obtained through use of BB&T access device ending in 6200 issued to person whose initials are A.C. |
| 17 | NOSAKHARE IMASUEN | January 31, 2019 | 3111 Browns Mill Road, in Johnson City, Tennessee | $300.00 obtained through use of Fifth Third access device ending in 9637 issued to person whose initials are M.G. |
| 18 | NOSAKHARE IMASUEN | July 2, 2019 | 2695 Boones Creek Road, in Gray, Tennessee | $400.00 obtained through use of Fifth Third access device ending in 4589 issued to person whose initials are A.B. |
| 19 | MARTINS | June 8, 2019 | 1702 West Market | $300.00 obtained through |

19

| | NNAEMEKA OKOLONGWU | | Street, in Johnson City, Tennessee | use of Fifth Third access device ending in 4589 issued to person whose initials are A.B. |
|---|---|---|---|---|
| 20 | MARTINS NNAEMEKA OKOLONGWU | June 8, 2019 | 2695 Boones Creek Road, in Gray, Tennessee | $280.00 obtained through use of Fifth Third access device ending in 4589 issued to person whose initials are A.B. |
| 21 | ILESO OVBIAGELE | October 24, 2019 | 220 Century Boulevard, in Bristol, Tennessee | $29.74 obtained through use of BB&T access device ending in 6184 issued to person whose initials are A.C. |
| 22 | CHIMEZIE R. UCHENNA | November 30, 2018 | 208 Sunset Drive, in Johnson City, TN | $800.00 obtained through use of Fifth Third access device ending in 4720 issued to person whose initials are J.G. |
| 23 | CHIMEZIE R. UCHENNA | November 30, 2018 | 2000 Franklin Terrace Court, in Johnson City, TN | $500.00 obtained through use of BB&T access device ending in 9080 issued to person whose initials are G.W. |

## MONEY LAUNDERING FORFEITURE ALLEGATION

The allegations in Counts Fourteen through Twenty-Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1) for violation of Title 18, United States Code, Section 1956(a).

Upon convictions of the offense in violation of Title 18, United States Code, Section 1956(a), the defendants, CASEY BROOKE GREEN, EFOSA IMASUEN, NOSAKHARE IMASUEN, MARTINS NNAEMEKA OKOLONGWU, ILESO OVBIAGELE, and CHIMEZIE

20

R. UCHENNA, shall forfeit to the United States of America, pursuant to Title 18, United States

Code, Section 982(a)(1) any property, real or personal, involved in such offense, or any property

traceable to such property, including, but not limited to the following:

(a)     Approximately $342,502.64 U.S. currency seized from the defendants on March
        18, 2020; and

(b)     A money judgment against each defendant an amount representing the minimum
        amount of proceeds that defendant personally obtained as a result of the violation
        of Title 18, United States Code, Section 1956(a).

If any of the property described above, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without
        difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

982(b)(1).

## COUNTS TWENTY-FOUR TO THIRTY-THREE
### (Aggravated Identity Theft, 18 U.S.C. §§ 1028A(a)(1) and 2)

The Grand Jury reincorporates the allegations set forth in Count One, Sections A, C, and

D, above.  On or about the dates and at the locations in the Eastern District of Tennessee listed in

the table below, the defendant listed in the table below, during and in relation to the felony

violation enumerated in the table below did knowingly transfer, possess, and use, cause the

transfer, possession, and use, and aid and abet in the transfer, possession, and use, without lawful

21

authority, of the means of identification of another person, that is, the actual person identified in

the table below:

| CT | DEFENDANT | DATE | LOCATION | FELONY OFFENSE | PERSON AND MEANS OF IDENTIFICATION |
|----|-----------|------|----------|----------------|-------------------------------------|
| 24 | CASEY BROOKE GREEN | July 5, 2019 | Johnson City Mall, 2011 N. Roan Street, Johnson City, Tennessee | Bank fraud as alleged in Count Four, above | The name of an individual whose initials are J.K. |
| 25 | EFOSA IMASUEN | October 25, 2019 | 110 Rocky Bottom Drive, in Unicoi, Tennessee | Bank fraud as alleged in Count Five, above | The name of an individual whose initials are M.B. |
| 26 | EFOSA IMASUEN | October 27, 2019 | 3111 Browns Mill Road, in Johnson City, Tennessee | Bank fraud as alleged in Count Six, above | The name of an individual whose initials are A.C. |
| 27 | NOSAKHARE IMASUEN | January 31, 2019 | 3111 Browns Mill Road, in Johnson City, Tennessee | Bank fraud as alleged in Count Seven, above | The name of an individual whose initials are M.G. |
| 28 | NOSAKHARE IMASUEN | July 2, 2019 | 2695 Boones Creek Road, in Gray, Tennessee | Bank fraud as alleged in Count Eight, above | The name of an individual whose initials are A.B. |
| 29 | MARTINS NNAEMEKA OKOLONGWU | June 8, 2019 | 1702 West Market Street, in Johnson City, Tennessee | Bank fraud as alleged in Count Nine, above | The name of an individual whose initials are A.B. |
| 30 | MARTINS NNAEMEKA OKOLONGWU | June 8, 2019 | 2695 Boones Creek Road, in Gray, Tennessee | Bank fraud as alleged in Count Ten, above | The name of an individual whose initials are A.B. |
| 31 | ILESO OVBIAGELE | October 24, 2019 | 220 Century Boulevard, in | Bank Fraud as alleged in | The name of an individual whose |

22

| | | | Bristol, Tennessee | Count Eleven, above | initials are A.C. |
|---|---|---|---|---|---|
| 32 | CHIMEZIE R. UCHENNA | November 30, 2018 | 208 Sunset Drive, in Johnson City, TN | Bank Fraud as alleged in Count Twelve, above | The name of an individual whose initials are J.G. |
| 33 | CHIMEZIE R. UCHENNA | November 30, 2018 | 2000 Franklin Terrace Court, in Johnson City, TN | Bank Fraud as alleged in Count Thirteen, above | The name of an individual whose initials are G.W. |

[18 U.S.C. §§ 1028A(a)(1) and 2]

## AGGRAVATED IDENTITY THEFT FORFEITURE ALLEGATION

The allegations contained in Counts Twenty-Four through Thirty-Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(B) for violations of Title 18, United States Code, Section 1028A(a)(1).

Upon convictions of the offense in violation of Title 18, United States Code, Section 1028A(a)(1), the defendants, CASEY BROOKE GREEN, EFOSA IMASUEN, NOSAKHARE IMASUEN, MARTINS NNAEMEKA OKOLONGWU, ILESO OVBIAGELE, and CHIMEZIE R. UCHENNA, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B) any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of any such violation including, but not limited to the following:

(a) Approximately $342,502.64 U.S. currency seized from the defendants on March 18, 2020; and

(b) A money judgment against each defendant an amount representing the minimum amount of proceeds that defendant personally obtained as a result of the violation of Title 18, United States Code, Section 1028A(a)(1).

23

If any of the property described above, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without
difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

982(b)(1).

A TRUE BILL:

_____
GRAND JURY FOREPERSON

J. DOUGLAS OVERBEY
United States Attorney

By: _____
Mae D. Heavener, III
Assistant United States Attorney

24